E-filed:  December 29, 2022

Robert R. Kinas (NV Bar No. 6019)
Patrick G. Byrne (NV Bar No. 7636)
Charles E. Gianelloni (NV Bar No. 12747)
Alexis R. Wendl (NV Bar No. 15351)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: rkinas@swlaw.com
        pbyrne@swlaw.com
        cgianelloni@swlaw.com
        awendl@swlaw.com
*Attorneys for Rep-Clark, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>GYPSUM RESOURCES MATERIALS, LLC, fdba High Grade Gypsum, LLC,<br><br>Affects:<br>☒ All Debtors<br>☐ Gypsum Resources Materials, LLC (19-14796-mkn)<br>☐ Gypsum Resources, LLC (19-14799-mkn)<br><br>                              Debtors. | Case No. 19-14796-mkn – LEAD CASE<br>Chapter 11<br>Jointly Administered<br><br>Adv. No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Case No. A-18-784606-C, Eighth Judicial District Court, Clark County, Nevada] |
| CASHMAN EQUIPMENT COMPANY, a Nevada corporation,<br>                              Plaintiff,<br>     v.<br>GYPSUM RESOURCES, LLC, a Nevada limited liability company; GYPSUM RESOURCES I, LLC, a Nevada limited liability company; REP-CLARK, LLC, a Colorado limited liability company; DOES 1 – 10, inclusive; and ROE ENTITIES 3 – 10, inclusive,<br>                              Defendants. | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 157, 1334, 1441, 1446, 1452, Federal Rule of Bankruptcy Procedure 9027, Nevada Local Rule of Bankruptcy Practice 1001(b),

4873-1018-8357.2

and this Court's December 6, 2022 Order Approving Stipulation for Relief from the Automatic Stay [ECF No. 2082], Defendant Rep-Clark, LLC ("**Rep-Clark**") hereby removes the entire lawsuit entitled *Cashman Equipment Company v. Gypsum resources, LLC et al.*, Case No. A-18-784606-C (the "**State Court Action**") from the Eighth Judicial District Court, Clark County, Nevada (the "**State Court**"), to the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**"), and in support hereof, respectfully states as follows:

## I.   OVERVIEW OF GROUNDS FOR REMOVING THE STATE COURT ACTION

1.   On November 15, 2018, Cashman Equipment Company ("**Cashman**") commenced the State Court Action against Gypsum Resources I, LLC for damages resulting from breaches of a credit agreement, alleging both contract claims and tort claims, as well as a lien foreclosure claim.

2.   On July 1, 2019, Cashman amended its complaint, adding Rep-Clark and Gypsum Resources LLC ("**Debtor**") as defendants in the State Court Action.[1]

3.   On July 26, 2019 ("**Petition Date**"), Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. in this Court commencing its chapter 11 case (the "**Bankruptcy Case**").

4.   The State Court Action is currently stayed as to the Debtor and was stayed as to Rep-Clark until recently.

5.   Rep-Clark hereby removes the State Court Action because it arises in and under, and is related to, the Bankruptcy Case under jointly administered as Case No. 19-14796-mkn.

6.   Although discussed in more detail in Section III below, removal is proper under 28 U.S.C. §§ 1441 and 1452 because: (a) the State Court Action is related to a case under the Bankruptcy Code given the agreement between Debtor and Cashman to an allowed claim in the Bankruptcy Case that represents the same amounts Cashman is seeking to recover from Rep-Clark; and (b) the State Court Action is, at a minimum, related to Debtor's Bankruptcy Case as it relates to Debtor's property, names Debtor as a defendant, and could conceivably affect Debtor's bankruptcy estate.

---

[1] A true and correct copy of the Amended Complaint is attached hereto as **Exhibit 1**.

4873-1018-8357.2

7. A copy of the docket for the State Court Action and any publicly available documents filed therein as of December 29, 2022 (including a copy of all process and pleadings) are attached hereto as **Exhibit 2**.

8. All defendants in the State Court Action have been served and, pursuant to this Court's December 6, 2022 Order Approving Stipulation for Relief from the Automatic Stay [ECF No. 2082], all defendants have consented to the removal.

## II. FACTUAL BACKGROUND

1. The State Court Action stems from conduct and events related to Gypsum Resources, LLC, the Debtor the Bankruptcy Case.

2. Prior to the Petition Date, Debtor's predecessor in interest, Gypsum Resources I, LLC, contracted with Cashman to provide construction equipment and other materials pursuant to a credit agreement entered between those parties on or around May 25, 2012 ("**Credit Agreement**"). Exhibit 1, State Court Compl., ¶¶ 14, 15.

3. Cashman commenced the pre-petition State Court Action after Debtor allegedly breached the terms of the Credit Agreement by failing to pay Cashman amounts due and owing under the Credit Agreement. *Id*. at, ¶ 16.

4. On October 23, 2019, Cashman timely filed a proof of claim in the Bankruptcy Case based on the Credit Agreement, alleging a secured claim in the amount of $564,645.85 ("**Cashman Claim**").

5. On July 12, 2021, Debtor filed an objection to the Cashman Claim. ECF No. 1433. Following Cashman's Opposition (ECF No. 1526) and Debtor's Reply (ECF No. 1552), "[t]he Debtors and Cashman entered into negotiations to identify the parcel(s) of the Debtors' real property on which the Debtors utilized Cashman's equipment and Debtors have confirmed that the Debtors utilized Cashman's equipment on the parcel identified as APN 164-32-201-002." ECF No. 1613.

6. On September 21, 2021, Cashman and Debtor resolved the Cashman Claim objection through a signed stipulation, which the Court then approved ("**First Stipulated Order**"). *See* ECF Nos. 1613 and 1617.

7.   According to the First Stipulated Order, Cashman agreed to the following:

> The Claim shall be amended to reflect a secured mechanic's lien claim solely against the parcel identified as APN 164-32-201-002, without prejudice to further amending the Claim to the extent … a party identifies any additional parcel(s) of the Debtors' property that are subject to Cashman's mechanic's lien pursuant to Nev. Rev. Stat. § 108.221 et seq.
>
> …
>
> Cashman shall be granted relief from the automatic stay under § 362(d)(1) for the sole and exclusive purpose of amending its mechanic's lien by recording an amended mechanic's lien with the Clark County Recorder consistent with the foregoing.

ECF No. 1617.

8.   On or around October 8, 2021, Debtors[2] filed their *Fourth Amended Joint Chapter 11 Plan of Reorganization Dated October 7, 2021* ("**Plan**"). ECF No. 1662.

9.   The Plan proposes to treat Cashman as a holder of a fully secured claim in the original amount of $564,645.85 ("**Prepetition Indebtedness**"), that is secured by certain real estate owned by Gypsum Resources, LLC. ECF No. 1662.

10.  On November 15, 2021, Cashman recorded a *Third Amended Notice of Lien* on November 15, 2021 (the "**Third Amended Lien Notice**").

11.  Cashman's *Third Amended Lien Notice* includes not "solely" APN 164-32-201-002, but also APN 164-32-389-001 (i.e., Rep-Clark's Mining Claims).

12.  On October 5, 2022, Cashman and Debtors entered an additional stipulation regarding Cashman's Claim, agreeing that as of March 28, 2022, Cashman has a secured claim against Gypsum in the amount of $836,221.62 (rather than the original Prepetition Indebtedness of $564,645.85). ECF No. 2029. The Court approved the stipulation the following day through the *Order Approving Stipulation Resolving Cashman Equipment Company's Informal Objection to Confirmation* ("**Second Stipulated Order**"). ECF No. 2032.

13.  Cashman and Debtors further agreed that interest on Cashman's secured claim in the amount of $836,221.62 would "continue to accrue after March 28, 2022, at the per diem rate of

---

[2] Debtors refers to Debtor and Gypsum Resources Materials, LLC because several of the Bankruptcy Case court filings were filed on behalf of both of the Gypsum entities in bankruptcy.

- 4 -

4873-1018-8357.2

1    $215.60, until the Effective Date, at which point it shall accrue at the per diem rate of $38.93."
ECF No. 2032.

14.   Following the Petition Date, Cashman and Rep-Clark stipulated to stay the Cashman litigation and continued to do so through May 18, 2022.

15.   Then, despite resolution of the Cashman Claim via negotiations and stipulations with the Debtors, Cashman elected to proceed solely against Rep-Clark in the State Court Action.

16.   Rep-Clark moved to dismiss Cashman's complaint, primarily arguing that Cashman's claim had already been resolved in the Debtor's Bankruptcy Case. The State Court denied the motion, and Rep-Clark answered the complaint on September 26, 2022.

17.   On November 2, 2022, Rep-Clark moved this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow Rep-Clark to pursue all its rights and remedies related to the State Court Action, including, but not limited to, asserting and litigating crossclaims against Debtor through judgment. ECF No. 2060.

18.   Only the Debtor filed an opposition, ECF No. 2079, the basis for which was that the "Debtor has already settled Cashman's Claim after litigation regarding the Claim." Opposition, 4:17-20. In support of that statement, Debtor attached this Court's *Order Approving Stipulation Resolving Debtors' Objection to Proof of Claim No. 23-1 Filed by Cashman Equipment Company*. ECF No. 1617.

19.   The Debtor further explained that the "Plan Stipulation also provides for treatment of the Cashman Claim under the Plan." Opposition, 4:17-20.

20.   Given the nature of Debtor's Opposition, the Parties negotiated limited stay relief such that the automatic stay could be lifted for the limited purpose of allowing Rep-Clark to file this Notice of Removal pursuant to FRBP 9027.

21.   On December 6, 2022, the Court entered its Order Approving Stipulation for Relief from the Automatic Stay. ECF No. 2082.

**III.   SHORT AND PLAIN STATEMENT OF ENTITLEMENT TO REMOVAL**

1.   The State Court Action, including all claims and causes of action asserted therein, is a civil action over which the Bankruptcy Court has original jurisdiction pursuant to 28 U.S.C.

4873-1018-8357.2

1    § 1334 and LR 1001(b) because the claims at issue in the State Court Action are "core"; therefore, the State Court Action may be removed to the Bankruptcy Court pursuant to 28 U.S.C. § 1452.

2.   The State Court Action is a civil proceeding that seeks damages from Rep-Clark that are duplicative of the amounts Cashman is entitled to under its allowed Cashman Claim in the Bankruptcy Case.  Additionally, to the extent Cashman is to recover against Rep-Clark, Rep-Clark is allowed to increase the amount of its own claim against the Debtor's estate.  As such, the State Court Action implicates Debtor's bankruptcy estate.  The claims and causes of action in the State Court action constitute "core" matters because they are matters concerning the allowance of claims by or against the estate (28 U.S.C. § 157(b)(2)(B)), and they are matters concerning other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship (28 U.S.C. § 157(b)(2)(O)).

3.   As the claims for relief and causes of action in the State Court Action involve "core" matters, the Bankruptcy Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334, as referred by the District Court through LR 1001(b), and removal is proper under 28 U.S.C. § 1452.

4.   The State Court Action, including all claims and causes of action asserted therein, is a civil action over which the Bankruptcy Court has original jurisdiction pursuant to 28 U.S.C. § 1334 and LR 1001(b) because the claims and causes asserted therein are "related to" the Bankruptcy Case; therefore, the State Court Action may be removed to the Bankruptcy Court pursuant to 28 U.S.C. § 1452.

5.   A civil action is "related to" a pending bankruptcy case if "[its] outcome could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cr. 1988) (quoting *Pacor, Inc. v. Higgins*, 784 F.2d 984, 994 (3rd Cir. 1984)).

6.   In *Pacor*, the Ninth Circuit determined that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*.

7.      In *Fietz*, the Ninth Circuit determined that this definition promotes Congress' objective to facilitate "the efficient and expeditious resolution of all matters connected to the bankruptcy estate." *Id*.

8.      The State Court Action is sufficiently "related to" the Bankruptcy Case because the State Court Action asserts claims against the Debtor, the outcome of the State Court Action could alter the Debtor's rights and liabilities, and the outcome will conceivably have a significant effect on the handling and administration of the Debtor's bankruptcy estate.

9.      In addition, because the Debtor has already settled Cashman's claims for relief in exchange for the allowed Cashman Claim, the State Court Action will likely require an unraveling of the scope and extent of creditor Rep-Clark's obligations, liabilities, rights, with and/or against Cashman and the Debtor.  As a result, adjudication of the State Court Action may directly and substantially affect the validity, amount, and priority of alleged creditor claims, the amount of property available for distribution in the bankruptcy, and the allocation of estate property among the Debtor's creditors.  As such, continued pursuit of the State Court Action will certainly "impact[] upon the handling and administration of the [Debtor's] estate." *Feitz*, 852 F2d at 457.

10.     As the State Court Action involves matters "related to" the Bankruptcy Case, the Bankruptcy Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334, as referred by the District Court through LR 1001(b), and removal is proper under 28 U.S.C. § 1452.

11.     This Notice of Removal is properly filed with the Clerk of the Bankruptcy Court and is signed pursuant to FRBP 9011.  *See* FRBP 9027(a)(2).  This Notice of Removal is accompanied by a copy of all papers filed with the State Court from which the action was removed. *See* FRBP 9027(a)(1).

12.     Upon removal, the claims and causes of action in the State Court Action constitute "core" matters.  The Defendants consent to the entry of final orders or judgment by the Bankruptcy Court.  *See* FRBP 9027(a)(1); LR 7008, and 9027(a).

///

4873-1018-8357.2

13. Rep-Clark will serve a copy of this Notice of Removal on all parties to the State Court Action and will file a copy of the Notice of Removal with the State Court. *See* FRBP 9027(b)-(c).

14. This Notice of Removal is timely pursuant to FRBP 9027(a)(2)(B) because the State Court Action was commenced prior to the Petition Date, and the removal notice was filed within thirty (30) days after entry of the December 6, 2022 Order Approving Stipulation for Relief from the Automatic Stay [ECF No. 2082].

DATED this 29th day of December 2022.

    SNELL & WILMER L.L.P.

    /s/ *Robert R. Kinas*
    Robert R. Kinas (NV Bar No. 6019)
    Patrick G. Byrne (NV Bar No. 7636)
    Charles E. Gianelloni (NV Bar No. 12747)
    Alexis R. Wendl (NV Bar No. 15351)
    3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, NV 89169
    Telephone: (702) 784-5200
    *Attorneys for Rep-Clark, LLC*